515 S.E.2d 927

**In the Matter of Thomas Timothy REYNOLDS, Respondent.**

**No. 24935.**

Supreme Court of South Carolina.

Submitted March 16, 1999.

Decided April 19, 1999.

Senior Assistant Attorney General James G. Bogle, Jr., of Columbia, for the Office of Disciplinary Counsel.

Susan Batten Lipscomb, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement.

## John Doe Matter # 1

In late 1987 or early 1988, while an associate of the law firm Jones, Scheider & Patterson, respondent began representing John Doe (Doe) regarding various business matters. Respondent advised Doe and also represented him' in business-related litigation. During this time, respondent became acquainted with Doe's wife, Mary Doe (Mrs. Doe). In late December 1989 or early January 1990, respondent traveled to Detroit, Michigan and met with Mrs. Doe, who was there attending a class reunion. Respondent admits that he engaged in one act of sexual intercourse with Mrs. Doe during the Detroit visit.

Respondent continued to represent Doe after respondent's sexual encounter with Mrs. Doe. In the spring of 1990, while in casual conversation outside the office, Doe discussed with respondent domestic relations problems he was having with Mrs. Doe, including his suspicion that Mrs. Doe may have had an affair. Doe recalls that respondent gave casual, but legal advice to him, including suggestions on how to detect an affair. In mitigation, respondent offers that at the time of this discussion, all relations between him and Mrs. Doe had been terminated for several months. Respondent also feels he was not giving legal advice when he discussed these matters with Doe.

Respondent continued to discuss business matters with Doe after August 23, 1990 which was when he left the Scheider law firm and began a solo practice. Doe remained respondent's client, and respondent represented him in the sale of one of Doe's businesses in early 1992.

Respondent never disclosed the sexual relationship he had with Mrs. Doe to his client Doe; however, Doe became aware

of it in or about January 1993 when Mrs. Doe disclosed it to him.

In November 1994, Doe commenced a malpractice lawsuit against respondent and the Scheider law firm. The trial court granted summary judgment to the law firm, and that decision was subsequently affirmed by the Court of Appeals. Thereafter, the causes of action which Doe brought against respondent personally remained; however, respondent settled the case for approximately $5,000, without any admission of wrongdoing.

Respondent's misconduct in this matter occurred prior to the adoption of the Rules of Professional Conduct. *See* Rule 407, SCACR. Therefore, the Code of Professional Responsibility applies. *See* Rule 32, Supreme Court Rules. Respondent admits that his conduct violated the following disciplinary rules: DR–1–102(A) (lawyer shall not violate disciplinary rules); DR–5–101(A) (lawyer should refuse employment when the interests of the lawyer may impair his independent professional judgment); and Canon 9 (lawyer should avoid the appearance of professional impropriety).

### *John Doe Matter # 2*

In January 1991, while respondent was representing Doe's business interests, respondent executed a Repayment Agreement with Doe, acknowledging a loan of $25,000 from Doe to respondent. The loan was made at 8% interest and was secured by respondent's assignment of the first $50,000 of attorney's fees which respondent expected to receive from representation of another client in unrelated litigation. Because respondent associated another firm to handle the litigation and that firm settled the case, respondent never realized the expected $50,000 in attorney's fees.

Thereafter, in March 1992, respondent executed a promissory note with Doe, the principal sum being $26,500 plus interest at 12% per year. Respondent was unable to pay off this loan when it came due, and Doe resorted to the services of a collection agency.

Respondent entered into business transactions with his client. Respondent admits that he did not advise Doe as required by Rule 1.8 of the Rules of Professional Conduct,

Rule 407, SCACR. Other than the written documents discussed above, Doe did not consent in writing to these business transactions. In mitigation, respondent believes that Doe was an experienced businessman, with an MBA degree, had access to other attorneys, and was aware of the restrictions imposed by Rule 1.8. In addition, respondent offers that he believed the loan was fair and reasonable at the time it was made.

By his actions in this matter, respondent has violated Rule 1.8 of the Rules of Professional Conduct, Rule 407, SCACR. Rule 1.8(a) provides as follows:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) The client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) The client consents in writing thereto.

Respondent failed to comply with the requirements of Rule 1.8(a).

In our opinion, respondent's misconduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his misconduct.

PUBLIC REPRIMAND.